CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
Danville
JUN 18 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| IRMA SMART,<br>    Plaintiff,<br><br>v.<br><br>SUNTRUST BANK, MID-ATLANTIC,<br>    Defendant. | Civil Action No. 4:09cv00015<br><br>**MEMORANDUM OPINION**<br>**AND ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Irma Smart, a Virginia resident, brings claims for breach of contract and conversion and seeks a declaratory judgment. Smart brought her claim in the Circuit Court for Henry County, Virginia and named SunTrust Bank, Mid-Atlantic ("Mid-Atlantic") as the defendant. Defendant removed the case to this court on diversity grounds. Smart has moved to remand the case, arguing that complete diversity is lacking because Mid-Atlantic has its principal place of business in Martinsville, Virginia. Defendant argues that Mid-Atlantic is not a separate legal entity and moves to substitute as defendant SunTrust Bank, a Georgia corporation with its principal place of business in Georgia. The court finds that Mid-Atlantic lacks capacity to sue or be sued under Virginia law, and accordingly grants Defendant's motion to substitute. The court also finds that SunTrust Bank's state of incorporation and principal place of business is a state other than Virginia, and accordingly denies Smart's motion to remand.

I.

Smart, a Virginia resident, filed suit for breach of contract and conversion in the Circuit Court for Henry County, Virginia. Smart named Mid-Atlantic as the defendant and alleged that Mid-Atlantic was a Georgia corporation with its principal place of business in Martinsville, Virginia. Defendant filed an answer in state court, then removed the case to federal court on the

basis of 28 U.S.C. § 1332. Smart has moved to remand, arguing that complete diversity among the parties is lacking because Mid-Atlantic's principal place of business is Martinsville, Virginia. To support her motion, Smart relies on one of the three contracts at issue, which provides, in a handwritten addition, that Mid-Atlantic is a Georgia corporation with its principal place of business in Martinsville, Virginia. Defendant argues that Mid-Atlantic is not a separate legal entity and moves to substitute SunTrust Bank as the defendant. Defendant asserts that federal jurisdiction is proper because SunTrust Bank is a Georgia corporation with its principal place of business is in Georgia. In support of its arguments, Defendant has filed the following evidence: the affidavit of Robert P. Burton, the Executive Vice President of Suntrust Bank Western Virginia Region, who states that SunTrust Bank's principal place of business is Atlanta, Georgia; the Virginia State Corporation Commission records, which indicate that SunTrust Bank's principal office is in Georgia and that Mid-Atlantic is not a separate legal entity; and two of three contracts filed as exhibits to Smart's Complaint, which provide that SunTrust's principal office is in Atlanta, Georgia.

## II.

Defendant argues that the court should substitute SunTrust Bank for Mid-Atlantic as a defendant because Mid-Atlantic does not exist as a separate legal entity. The court agrees.

Because Mid-Atlantic is neither an individual nor a corporation, its capacity to sue or be sued in this court is based on Virginia law. Fed. R. Civ. P. 17(b)(3). Under Virginia law, unincorporated associations may sue or be sued, Va. Code Ann § 8.01-15, but this grant is limited to "voluntary group[s] of persons joined together by mutual consent for the purpose of promoting some stated objective," such as "trade unions, fraternal organizations, business

organizations, and the like." Yonce v. Miners Mem'l Hosp. Ass'n, 161 F.Supp 178, 186 (W.D. Va. 1958). Virginia courts have not applied this statute to unincorporated divisions of a corporation.

The court finds that Mid-Atlantic lacks capacity under Virginia law, and accordingly grants Defendant's motion to substitute SunTrust Bank as the defendant.

### III.

A party can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). District courts have original jurisdiction over diversity cases, or cases between "citizens of different States." 28 U.S.C. § 1332. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332. To determine the location of a corporation's principal place of business, courts examine its "nerve center," that is, "the place where the corporation's officers direct, control, and coordinate its activities," and its "place of operations," that is, the "the place where the bulk of corporate activity takes place." Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998).

The parties agree that SunTrust Bank is incorporated in Georgia; therefore the only question before the court for diversity purposes is whether SunTrust Bank's principal place of business is in Virginia. The court finds that the defendant has carried its burden to show that SunTrust's nerve center or its place of operations is in a state other than Virginia based on the affidavit of Robert P. Burton, the Virginia State Corporation Commission records, and two of

3

three contracts filed as exhibits to Smart's Complaint, all of which provide that SunTrust's principal office is in Atlanta, Georgia. Accordingly, the court finds SunTrust Bank's principal place of business is in a state other than Virginia and that the requirements of 28 U.S.C. § 1332 are satisfied.[1] Accordingly, the court denies plaintiff's motion to remand.[2]

IV.

For the foregoing reasons, Defendant's motion to substitute party is **GRANTED** and Smart's motion to remand is **DENIED**.

It is so **ORDERED**.

**ENTER**: This June 18, 2009.

                                                               UNITED STATES DISTRICT JUDGE

---

[1] The result would not change even if Mid-Atlantic were the defendant because an unincorporated division of a corporation has the same citizenship as the corporation that owns it. Doe v. Bayer Corp., 344 F.Supp.2d 466, 468 (M.D.N.C. 2004); Breitman v. May Co. Of Cali., 37 F.3d 562, 564 (9th Cir. 1994); Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 284 (6th Cir. 1990); Brunswick Corp. v. Jones, 784 F.2d 271, 275 n.3 (7th Cir. 1986).

[2] Defendant also moved to amend the court's scheduling order to provide for a bench trial rather than a jury trial, arguing that Smart had waived her right to trial by jury in the contracts at issue. At the court's hearing on the matter, however, Defendant abandoned this argument and conceded that such waivers were not enforceable under Georgia law, the law purportedly governing the contract. The court exercised its discretion to hold a jury trial, finding that the Defendant would suffer no prejudice.